# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**KEVIN L. CHADWICK**,

    Plaintiff,

v.                                              Case No. 8:23-cv-02240-WFJ-CPT

**JAMIE KATZEN, ESQ.,** and
**KATZEN FOOSHEE, PLLC**,

    Defendant.

_____/

## ORDER

Before the Court is Defendants Jamie Katzen's and Katzen Fooshee, PLLC's ("Defendants") Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 10). Plaintiff Kevin L. Chadwick ("Plaintiff") has responded in opposition (Dkt. 16). Upon careful consideration, the Court denies Defendants' Motion.

## BACKGROUND

In November 2021, Plaintiff hired Defendants to assist him with estate planning and asset structuring. Dkt. 1-4 ¶¶ 2, 3, 7. Plaintiff was the sole trustee of the Kevin L. Chadwick Family revocable trust ("the Trust"). *Id.* ¶¶ 9, 19. The Trust owned Plaintiff's homestead property and three non-homestead properties, all located in St Petersburg, Florida. *Id.* ¶¶ 8, 18. Defendants are residents of Dallas, Texas. *Id.* ¶¶ 2, 3.

Acting on Mr. Katzen's legal advice, Plaintiff transferred the properties from the Trust to the Chadwick Family, LP. *Id.* ¶¶ 10, 20. Unfortunately for Plaintiff, the transfers were considered sales or exchanges. *Id.* ¶¶ 14, 24. This had the effect of increasing the property taxes. *Id.* ¶¶ 15, 25. After his appeals to the Pinellas County Value Adjustment Board were unsuccessful, *id.* ¶¶ 14, 24, Plaintiff filed suit in the Sixth Judicial Circuit, Pinellas County, Florida.

The Complaint alleges two counts of legal malpractice against Mr. Katzen, and seeks to hold Katzen Fooshee, PLLC liable under a theory of respondeat superior. Dkt. 1-4. Defendants removed the case to federal court and filed the instant Motion to Dismiss, arguing that Plaintiff failed to adequately plead personal jurisdiction. Dkt. 1 at 3.

## LEGAL STANDARD

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (internal quotations and citation omitted). "Vague and conclusory allegations . . . are insufficient to establish a prima facie case of personal jurisdiction[.]" *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). Instead, a plaintiff must "present enough evidence to withstand a motion for

directed verdict." *Stubbs v. Wyndham Nassau Resort*, 447 F.3d 1357, 1360 (11th Cir. 2006).

If the plaintiff meets his burden, the defendant may "submit[] affidavits to the contrary," at which point "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (citation omitted). When the evidence is in conflict, the Court must construe all reasonable inferences in favor of the plaintiff *Id.*

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citations omitted). First, the Court "must examine the jurisdictional issue under the state long-arm statute." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (citations omitted). Second, the Court "must ascertain whether or not sufficient minimum contacts exists to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (internal quotations and citations omitted). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Madara*, 916 F.2d at 1514.

**DISCUSSION**

Defendants maintain that Plaintiff cannot satisfy either prong of the personal jurisdiction analysis described above. The Court will address each prong in turn, ultimately concluding that personal jurisdiction over Defendants is proper.

**I.      Florida's Long-Arm Statute**

"The reach of Florida's long-arm statute is a question of Florida law, and this Court is required to apply the statute as would the Florida Supreme Court" and "Florida's District Courts of Appeal." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (quotation omitted). The statute cites numerous ways in which a person can subject himself to personal jurisdiction in the state. *See generally* Fla. Stat. § 48.193. Plaintiff cites three as a basis for jurisdiction in this case: (1) committing a tort in Florida; (2) causing injury in Florida through the defendant's product; and (3) general jurisdiction. Dkt. 1-4 ¶ 5.

Plaintiff has stated a prima facie case of personal jurisdiction based on the commission of a tort in Florida. Dkt. 1-4 ¶ 5; *see also* Fla. Stat. § 48.193(1)(a)(2). "[T]he Florida long-arm statute permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Florida appellate courts permit the exercise of jurisdiction when the tort "'occur[s] through the nonresident defendant's telephonic, electronic, or written communications into

Florida' so long as 'the cause of action ... arise[s] from the communications.'" *Robinson Helicopter Co., Inc. v. Gangapersaud*, 346 So. 3d 134, 140 (Fla. 2d DCA 2022) (quoting *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002)).

The Eleventh Circuit considered personal jurisdiction over a legal malpractice claim in *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253 (11th Cir. 1996). In that case, the defendant attorneys, located in Michigan, accepted a Florida resident as a client, filed documents in Florida, provided legal advice about property located in Florida, and caused damage to an estate in Florida. *Robinson*, 74 F.3d at 255–57. The court found personal jurisdiction proper under the tortious act provision of Florida's long-arm statute. *Id.* at 257; *see also Beta Drywall Acquisition, LLC v. Mintz & Fraade*, 9 So. 3d 651 (Fla. 4th DCA 2009); *Kim v. Keenan*, 71 F. Supp. 2d 1228 (M.D. Fla. 1999).

Here, Plaintiff contends that Defendants accepted Plaintiff, a Florida resident, as a client, Dkt. 1-4 ¶ 8; sent an engagement letter via electronic communication to Plaintiff in Florida, Dkt. 1-4 at 7–9; and provided legal advice concerning Plaintiff's properties, which were in Florida, Dkt. 1-4 ¶¶ 10, 20. Plaintiff's asserted injury, increased tax liabilities on his Florida properties, occurred in Florida. Dkt 1-4 ¶¶ 15, 25. Thus, the court may assert personal jurisdiction under Florida's long-arm statute.

Defendants argue that Plaintiff has not made out a prima facie case that Defendants directed a telephonic, electronic, or written communication into Florida.

5

Dkt. 10 at 6. Plaintiff's Exhibit A, attached to his Complaint, is an engagement letter sent via electronic communication from Defendants to Plaintiff at his home in Florida. Dkt. 1-4 at 7–9. This evidence is enough that a reasonable and fair-minded person may find Defendants directed communications into Florida that caused Plaintiff's injury. *See Walker v. NationsBank of Fla.*, 53 F.3d 1548, 1555 (11th Cir. 1995) (explaining the evidence necessary to survive a motion for directed verdict). Defendants filed no affidavits in support of their motion to traverse the assertion that they rendered legal advice to a Florida resident about Florida realty that caused injury in Florida.

Because jurisdiction is proper under § 48.193(1)(a)(2), the Court need not consider the other statutory bases proposed by Plaintiff.

## II.   Due Process

Determining whether the exercise of personal jurisdiction over a nonresident defendant comports with due process is a two-prong inquiry. *Madara*, 916 F.2d at 1515–16. The Court will first ask whether Defendants have established minimum contacts with Florida, and next whether the exercise of personal jurisdiction "would offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)).

*A. Minimum Contacts*

Due process requires that a defendant have "fair warning" that his activities may subject him to personal jurisdiction in Florida. *Id.* at 1516. The litigation must arise from activities that the defendant "purposefully directed" at Florida, and the defendant's conduct and connection with Florida must be such that he would "reasonably anticipate being haled into court there." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–74 (1985)). The defendant's "substantial connection" with Florida must make it foreseeable that his acts will have some effect in Florida. *Id.*

Here, Defendants "rendered estate planning services to [Plaintiff] knowing that he resided in Florida." *Robinson*, 74 F.3d at 259. The Complaint alleges that Defendants advised Plaintiff on asset structuring involving real property located in Florida. Dkt. 1-4 ¶¶ 10, 20. As in *Robinson*:

> The defendants are not being haled into a Florida court as the result of any random, fortuitous, or attenuated contacts, or because of any unilateral activity by [Plaintiff]. The nature of the professional services rendered in this case was such that the defendants were fully aware that their actions or omissions would have a substantial effect in Florida. They should have reasonably anticipated the possibility of a suit arising from conduct directed towards the Florida [Plaintiff].

*Robinson*, 74 F.3d at 259. Defendants purposefully directed their activities at Florida sufficient to establish minimum contacts. *See id.*

*B. Fair Play and Substantial Justice*

Even if a defendant has established minimum contacts with Florida, "minimum requirements of fair play and substantial justice may defeat the reasonableness of asserting personal jurisdiction" over him. *Madara*, 916 F.2d at 1517. This analysis involves several factors:

> the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies.

*Id.*

Florida has a "significant interest in adjudicating a dispute involving services provided by out-of-state professionals to its resident, concerning assets located within its borders." *Robinson*, 74 F.3d at 259. Plaintiff has an interest in litigating in his home state. *Id.* Any burden on Defendants of litigating outside Texas is reduced significantly by "modern methods of transportation and communication." *Id.* Additionally, the Court "do[es] not see any interest of the interstate judicial system in obtaining the most efficient resolution of controversies, or any interest of the states in furthering fundamental social policies that will be thwarted by [its] decision." *Id.* at 259–60. The factors weigh in favor of asserting personal jurisdiction over Defendants.

## CONCLUSION

The exercise of personal jurisdiction over Defendants comports with Florida's long-arm statute and due process. Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 10) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on November 30, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record